# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | |
|---|---|
| IN RE: : | CASE No.    02-33699 (JJT) |
| : | |
| NEW ENGLAND NATIONAL, LLC, : | CHAPTER    11 |
|     Debtor. : | |
| : | RE: ECF No.    850, 857, 864 |
| NEW ENGLAND NATIONAL, LLC, : | |
|     Movant : | |
| V. : | |
| : | |
| LEDGELIGHT HEALTH DISTRICT AND : | |
| GEORGE CALKINS, : | |
|     Respondents. : | |

## BENCH RULING ON MOTION
## FOR ENFORCEMENT OF COURT ORDERS AGAINST
## <u>LEDGELIGHT HEALTH DISTRICT AND GEORGE CALKINS</u>

On August 27, 2019, the Court heard oral argument on the Debtor's Motion for Enforcement of Court Orders Against Ledgelight Health District and George Calkins and Payment to Debtor of $33,000 (the "Motion," ECF No. 850) and the Respondents Objection (ECF NO. 857). The Court also extensively reviewed the record and relevant history of this Motion, including the corresponding docket entries in the case and the written and transcribed rulings from Judge Lorraine Weil on the matter. It is striking and profoundly disappointing that it has taken nearly 10 years for the disputed discovery issues presented in the Motion to resurface for final disposition, before a newly sitting judge who is far removed from the party's Chapter 11 case battles that Judge Weil presided over for many years.

The issues presented in the Motion rely on old, pre-confirmation facts arising from conduct occurring in 2002 or before and which are now being raised in the post-confirmation

Chapter 11 context to address a chain of interconnected discovery efforts the Debtor made during the Chapter 11 proceeding starting back in 2008. As to the Motion, the record before the Court is littered with delays and adjournments that the Debtor brought on, and general silence as to issues presented therein, which is to say, the record clearly supports the Court's conclusion that the matter is profoundly stale due to a lack of diligent prosecution. Additionally, despite the Debtor's present zeal regarding the enforcement of the Contempt Order, the hearing record reflects contradictions as to key factual contentions advanced by the Debtor. Contrary to the Debtor's assertions, the record shows that: (1) Judge Weil concluded on July 22, 2009, that the document production sought in the Debtor's discovery subpoena had, in large part, been produced by the Respondents and was sufficient (ECF No. 584); and (2) the Contempt Order (ECF No. 505) was indeed stayed on September 10, 2009, by a bench order from Judge Weil after reconsideration was sought (ECF No. 586). The Court notes that Debtor's counterstatement of these facts, when challenged by the Respondents, went unrebutted by the Debtor at the hearing on the Motion.

      Despite the questions posed to Debtor's counsel at the hearing, the Court remains at a loss as to the legal or procedural basis for the Debtor's Motion. It is particularly vexing that the Debtor now insists on belated enforcement of subpoena production and a deposition request some 10 years later, particularly when the Chapter 11 case is about to be closed, there are no contested motions or adversary proceedings pending in this Court, and the Court never granted any 2004 order authorizing such a deposition. The Debtor's primary argument that it reserved potential unknown causes of action in a dated settlement with the Town of East Lyme in a related case does not license the Debtor to engage in roving and interminable discovery untethered from Bankruptcy Rules and process.

Moreover, Chapter 11 is not a forum to be used for unbridled discovery requests, renewed fits of personal animosity between old business adversaries, or the Debtor's casual fishing expedition. This is especially the case when the claims and cause of actions are founded upon disputes and core facts rooted in conduct occurring more than a decade ago that were generally known to the parties and which were not pursued by the Debtor in a timely manner, despite having the occasion and opportunity to do so. Such conduct is fundamentally unfair, abusive, and further defies the Debtor's obligation to prosecute its case diligently, which weighs heavily on the Court's fundamental obligation to promote notions of fairness by providing closure in litigation matters, confidence in the judicial machinery, and efficiency. The discovery now sought is not reasonably justified here and now, and upon further reflection, was likely never procedurally appropriate within the bankruptcy process.

As for the enforcement of the Contempt Order's fines, Judge Weil indisputably stayed the Contempt Order for an indefinite period because she questioned its merits[1] and procedural propriety. It is significant that no party ever sought to have Judge Weil revisit the Contempt Order after it was stayed. To do so now, without proper context or cognizable legal theory, while relying on faded memories and an incomplete record, would be wasteful and unfair.

Under these circumstances, the invocation of the laches doctrine is appropriate, if not necessary.  The doctrine of laches "protect defendants against unreasonable, prejudicial delay in commencing suit." *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods.*, LLC, 137 S. Ct. 954, 960 (2017) (citation and internal quotation marks omitted). "A party asserting a laches defense must show that the plaintiff has inexcusably slept on its rights so as to make a decree

---

[1] Respondents also sought to vacate the Contempt Order in its Motion for Relief (ECF No. 537).

against the defendant unfair. Laches . . . requires a showing by the defendant that it has been prejudiced by the plaintiff's unreasonable delay in bringing the action. . . . [M]ere lapse of time, without a showing of prejudice, will not sustain a defense of laches. . . . A defendant has been prejudiced by a delay when the assertion of a claim available some time ago would be inequitable in light of the delay in bringing that claim. . . . [L]aches may be decided 'as a matter of law' when the original owner's lack of due diligence and prejudice to the party currently in possession are apparent." *Zuckerman v. Metro. Museum of Art*, 928 F.3d 186, 193 (2d Cir. 2019) (citations, footnote, and internal quotation marks omitted). The delays and prejudice here are apparent.

Lastly, the record indicates that the Contempt Order was clearly founded on less than meaningful notice to the non-appearing Respondents regarding the Debtor's renewed pursuit of several previously adjourned hearings on the Debtor's Motion for Contempt. With no formal notice of an actual hearing to be had, enforcement of the resulting Contempt Order at this point would simply lack the fundamental procedural fairness and due process that, as a matter of caution and constitutional mandate, should accompany a sanction proceeding. Accordingly, the Contempt Order should and has been be reconsidered by this Court, and having done so, is deemed stale, unenforceable and moot under these circumstances, and is hereby **VACATED**. For these reasons, the Objection is **SUSTAINED**, and the Debtor's Motion is **DENIED**.

**IT IS SO ORDERED** at Hartford, Connecticut this 30th day of August, 2019

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut